# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMES WHITMAN, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN KEITH HINTON, <br><br> Defendant. | CIVIL ACTION NO.: 4:18-cv-101 |

## **O R D E R**

This matter comes before the Court on Plaintiff's Motion for Default Judgment as to Liability. (Doc. 8.) For the reasons set forth below, the Court **GRANTS** the Plaintiff's Motion.

## BACKGROUND

Plaintiff James Whitman filed this action against Defendant Bryan Keith Hinton on May 1, 2018, pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff alleges that Defendant used excessive force against him on May 31, 2017, while Plaintiff was incarcerated at Smith State Prison and Defendant was employed by the Georgia Department of Corrections as a correctional officer at the prison. (Doc. 1, p. 2.) Specifically, Plaintiff contends that Defendant "grabbed [Plaintiff's] arm, twisted it behind his back in a painful manner, and shoved him against a wall." (Id.) Plaintiff then alleges that after Plaintiff complied with another officer's order to lie on the ground, Defendant punched and kicked Plaintiff in his face, head, back, and legs. (Id.) Plaintiff states that, at the time of the attack, he was "neither violent nor posing [a] threat or risk of harm to himself, the officers, or any other person" and that he was "not refusing a lawful order." (Id. at p. 3.) Plaintiff contends that Defendant's use of excessive force violated Plaintiff's rights "under the Eighth and Fourteenth Amendments to the United States Constitution." (Id.) He further alleges that Defendant "is

personally liable for his unconstitutional actions pursuant to 42 U.S.C. § 1983, because he was acting under color of state law." (Id. at p. 4.)

Plaintiff properly served Defendant with the Complaint. (Doc. 4.) However, Defendant never filed an Answer and has failed to otherwise appear in this action. Consequently, Plaintiff moved for a clerk's entry of default, (doc. 5), and the Clerk of Court granted that request, (doc. 6). Plaintiff has now moved the Court for an entry of default judgment on the issue of liability. (Doc. 8.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for a party to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2). However, the clerk's entry of default does not automatically warrant entry of default judgment. "[T]hree distinct matters emerge as essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. Before the Court can grant plaintiff's motion for default judgment, all three must be established." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). Thus, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007); see also Eagle Hosp. Physicians v. SRG Consulting, 561 F.3d 1298, 1307 (11th Cir. 2009).

When assessing liability upon a motion for default judgment, the Court must employ the same standard as when addressing a Rule 12(b)(6) motion to dismiss for failure to state a claim. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."). Thus, on a motion for default judgment, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Once the Court determines that default judgment should be entered, it then turns to the question of the type and amount of damages. Pitts, 321 F. Supp. 2d at 1356. Even where the Court finds that default judgment is appropriate, it must make certain "that there is a legitimate basis for any damage award it enters[.]" Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); see also Faria v. Lima Inv. Sols. LLC, No. 6:19-CV-535-ORL-37GJK, 2019 WL 3044033, at *2 (M.D. Fla. June 24, 2019), report and recommendation adopted, No. 6:19-CV-535-ORL-37GJK, 2019 WL 3037796 (M.D. Fla. July 11, 2019) ("Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."). Further, as the Eleventh Circuit Court of Appeals explained, "despite Rule 55's permissive language, judgment of default awarding cash damages can not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Organizacion Miss Am. Latina, Inc. v. Urquidi, 712 F. App'x 945, 948 (11th Cir. 2017) (internal quotations omitted).

**DISCUSSION**

Having employed the standard of review set forth above and reviewed the factual allegations of Plaintiff's Complaint, the Court finds that Plaintiff is entitled to a default judgment as to his claim that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment.

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

While Plaintiff cites both the Fourteenth Amendment and the Eighth Amendment in his Complaint, the Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates and thus fits Plaintiff's allegations here. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective component and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force was used "maliciously and sadistically for the purpose of causing harm" rather than in "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986) (internal quotation marks omitted). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of

force, the relationship between the need for force and the amount of force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009).

The allegations of Plaintiff's Complaint establish the requirements of an Eighth Amendment excessive force claim. Defendant's punches and kicks to Plaintiff's head, face, back and legs was sufficiently serious conduct to meet the objective component of an Eighth Amendment violation. Furthermore, the well-pleaded and admitted allegations of Plaintiff's Complaint satisfy the subjective component of an Eighth Amendment claim. Defendant physically attacked Plaintiff even though there was no need for any use of force against Plaintiff at all. Plaintiff was lying on the ground as directed by other officers, not disobeying any orders, and not posing a threat or risk to any officers, inmates, or other persons. (Doc. 1, pp. 2–3.) Consequently, the force Defendant applied grossly outweighed the non-existent need for force. See Bowden v. Stokely, 576 F. App'x 951, 954 (11th Cir. 2014) (plaintiff's account that he was "the victim of an unprovoked attack in circumstances that did not present a risk of creating a disturbance or harming staff or other inmates" supports an Eighth Amendment excessive force claim even absent serious injuries). Further, the attack caused Plaintiff to suffer "physical and psychological injuries from which he is still recovering." (Doc. 1, p. 3.) Finally, Defendant was acting under color of state law at the time of the attack as he was working as a correctional officer for the Georgia Department of Corrections. (Id. at p. 2.) For all of these reasons, Plaintiff has established that Defendant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Turning to the issue of damages, Plaintiff does not seek liquidated damages or damages capable of mathematical calculation based on the mere allegations of Plaintiff's Complaint. Thus,

as Plaintiff concedes in his Motion for Default Judgment, (doc. 8, p. 6), the Court must receive additional evidence before issuing judgment as to the damages in this case. Given the nature of Plaintiff's injuries and relief requested, a hearing on damages is appropriate.

## CONCLUSION

For the reasons laid out above, the Court **GRANTS** the Plaintiff's Motion for Default Judgment, (doc. 8). The Court will set this matter down for a hearing on damages in a subsequent order and notice.

**SO ORDERED**, this 9th day of August, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA